## BURNHAM *vs.* STEELE, *plaintiff in review.*

Petitioners for a highway are liable for the necessary expenditures incurred in endeavoring to procure the road to be laid out.

If one of the petitioners acts as agent, the others are severally liable to contribute to him their several proportions of the sums expended, and for his services ; but he cannot maintain a joint action against them.

ASSUMPSIT upon an account for services rendered on a petition for a highway, and money laid out and expended about the same.

After a judgment for the plaintiff, the defendant instituted a writ of review, and the case was committed to an auditor, from whose report it appeared that a petition for a highway from Hooksett to Pelham, signed, among others, by the plaintiff and defendant, was entered in court, April term, 1823 ; that the plaintiff had the care of the same as agent for the petitioners,—although it did not expressly appear that the

defendant acted in making the appointment—and that he attended several terms, employed counsel, procured the attendance of witnesses, and paid divers sums of money in pursuing the same.

Burnham
vs.
Steele.

The proportion of the defendant, if he was liable to a contribution for the plaintiff's services and expenditures was, as found by the auditor, less than the amount of the plaintiff's claim, as set forth in his writ, and for which the first judgment was rendered.

The case was submitted to the determination of the court, upon the facts contained in the report.

*C. H. Atherton*, for the defendant, denied that he was liable to pay any part of the costs or expenses incurred, without an express promise.

*Farley*, for the plaintiff, contended, that the act of signing the petition made the defendant liable with the other signers for the necessary expenses ;—that the signers were jointly liable—and that the defendant, having interposed no plea in abatement for nonjoinder, was liable, in this action, for the full amount claimed in the declaration, the plaintiff having expended a much greater sum, and the defendant having restricted his liability to no particular amount.

He cited, and commented upon, 9 *Mass. Rep.* 300, *Sproat* vs. *Porter & a.* ; 12 *Eng. Com. Law Rep.* 193, *Keasley* vs. *Codd;* 15 *ditto* 526, *Ellis* vs. *Schmoeck;* 17 *ditto* 404, *Braithwaite* vs. *Skofield;* 3 *Green.* 103 ; *ditto* 107 ; 1 *Chitty's Pl.* 30 ; 6 *Cranch* 253, *Shechy* vs. *Mandeville & a.* ; 13 *Mass R.* 148, *Ward* vs. *Johnson and a.;* 5 *Green.* 441 ; 2 *ditto* 191 ; 4 *B. & A.* 93 ; 8 *Mass. R.* 423 ; 5 *Mass. R.* 196 ; 4 *Green.* 255 ; 6 *Mass.* 460 ; 5 *Pick.* 228 ; 12 *Mass. R.* 190 ; 14 *Mass. R.* 172 ; 4 *N. H. Rep.* 533.

PARKER, J.*  There is no legal ground for the position, that the subscribers to a petition for a highway are not lia-

* RICHARDSON, C. J., did not sit.

ble for the expenses incurred in presenting and pursuing the petition, if there is no contract or understanding to the contrary between them.    They unite in seeking an object, in the accomplishment of which expense is necessarily incurred; and, upon common principles of justice, must be understood as promising to pay those expenses, unless there are some special circumstances to negative such a presumption.    This would not be doubted in a petition for partition, or for a new trial; and there is nothing, in principle, to distinguish a petition for a highway, in this respect, from any other petition in which the parties ask the action of the court; although it may be true that petitions for highways are often signed on the supposition that no responsibility is thereby assumed.    Such petitions are to be entered in court like other petitions, or actions, and the towns may appear and defend.    The petitioners stand in the light of joint plaintiffs, and, if they thus pursue a common object, may well bear the burden of the pursuit in common.

The defendant when he signed the petition must have understood that it was to be presented, and that expenses would be incurred.    He might, as between himself and his co-signers, have protected himself by an agreement that he was not to be charged with any portion of those expenses. As he did not, the presumption is that he was willing to be accountable along with the others.    Nor is it necessary to show that he expressly concurred in the appointment of the plaintiff as agent.    He did not dissent.    And if he, having signed the petition, left the measures which should be subsequently adopted to the determination of the others, he must be held as assenting to what they caused to be done in the ordinary course.

But the plaintiff can recover of the defendant no more than his equal proportion of the expenses and services. The argument of the plaintiff's counsel, that when several unite in a common object, and employ an agent to act for them, they are jointly liable for his services and expenses,

is undoubtedly correct, if the agent is not also one of the parties in interest. But where the individual appointed agent, is also one of the principals, or partners, his expenditures are made, and his services performed, as well for himself as for the others. If he lawfully employs third persons to act for the principals, the claims of those persons are against all, himself as well as the others. What he pays to such third persons, or otherwise lawfully expends in the prosecution of the business, is in discharge of a joint debt, or liability, or for the joint benefit of himself and the others. A proportion is then to be made among all whose debt has been paid, or on whose account the money has been advanced; and his claim is not joint, but is a several claim for contribution for what has been paid. It is like any other case of a payment by one of several joint debtors, without the intervention of any agency.—And the compensation for the services of the agent, who is also a joint principal, must stand upon the same ground. Being a debt against all, it is to be apportioned among all. The agent cannot maintain a joint action against all, for he is himself one of the debtors. The others are not jointly liable for the whole, for the same reason; and there is no principle by which his share is to be discounted out, and the residue of those for whose benefit the services were performed be made jointly liable for the balance. Those services being a proper charge against the whole, he may be considered as having discharged the amount, in the same manner as if they had been performed by a third person, and he had paid the bill; and then the others for whose benefit they were performed are severally liable to him for their rateable proportions.

In *Sproat* vs. *Porter*, 9 *Mass. Rep.* 300, no question was made whether the defendants were severally, or jointly, liable. The plaintiff, it is true, was one of the associates, but the question was, whether those who were not present at his appointment as agent, and took no active part in procuring his services, were liable by reason of their having

Burnham
*vs.*
Steele.

associated together for the purpose of accomplishing the object ; and on this point the case is an authority for the plaintiff.

In *Jewett* vs. *Hodgdon*, 3 *Green.* 103 ; and *Same* vs. *Cornforth, ib.* 107, it seems to have been understood that the proper course was to bring several actions for contribution.

The result is, that the former judgment was for too great a sum, and the defendant must recover the difference between the amount of damages assessed in that judgment and the amount now found by the auditor. .