## HOIT *v.* BABCOCK & a.

Road commissioners are entitled to compensation from those who require their services, and may severally maintain an action for their fees.

ASSUMPSIT on account annexed, for services of the plain-

tiff as road commissioner for the county of Belknap, on the petition of the defendant and others, for a highway in the town of Barnstead, on which the commissioners reported in favor of the town.

This action was commenced August term, 1843, at which time the defendant pleaded in abatement, that if he were liable, he was so jointly with other petitioners named in the plea; who were thereupon summoned in, by notice published in the Belknap Gazette, and appeared by their attorney at the following term.

The parties agreed that if the defendants are liable to pay the plaintiff for his services as road commissioner, in this form of action, judgment should be rendered for the plaintiff, otherwise for the defendants.

*W. C. Clarke*, for the plaintiff.

*Elkins*, for the defendant. There is here no consideration. No express promise is here pretended. The only promise must be an implied one, and the only inducement that the plaintiff had to render the services according to this action, was that the defendants would pay. That is an improper consideration. *Dudley* v. *Cilley*, 5 N. H. Rep. 558.

The only inducement to the commissioners to act should be the public good.

The action is for services which the plaintiff did not render individually, and he cannot recover individually. The action should have been joint.

The same principle governs as in case of copartnership. The action must be brought by or against the partnership. The plaintiff could render no services alone.

The statutes do not in any case require the petitioners to pay. They, in all cases in which there is any mode of payment for public officers except from the treasury, prescribe the mode, as in case of bank commissioners, rail-

Hoit *v.* Babcock.

road commissioners, and others. The statute gives fees to road commissioners, but does not provide that the petitioners shall pay them, or how they shall be paid. The fair construction is that they are to be paid from the county treasury.

PARKER, C. J. We are of opinion that the road commissioners are entitled to compensation from those who require their services, and may maintain an action on an implied assumpsit, if their fees are not paid.

They are public officers, it is true, but there is nothing in the statutes which provide for their election, and for the exercise of their duties, which indicates that they are to receive compensation from the public treasury. Public officers, whose compensation is by fees, are almost, if not quite, uniformly paid by the parties.

It is but a few years since the services of the judges of the probate courts were compensated by fees, which were paid or payable by the suitors in that court.

The road commissioners stood, in this respect, like justices of the peace, sheriffs, inspectors, and various other officers, who are not obliged to require their fees in advance, but if they are not paid may maintain a suit for them.

The objection that if an action can be maintained, the commissioners must join, cannot be maintained. The fees are several. The amount due to each for travel is probably rarely alike, and there may often be differences in the number of days which each attend. *Burnham* v. *State*, 8 N. H. Rep. 182; *Butman* v. *Abbot*, 2 Greenl. 361; *Jewett* v. *Cornforth*, 3 Greenl. 107.

*Judgment for the plaintiff.*