## Young, App't, v. Rand.

An omission of one who has impounded a beast damage feasant, to give the notice required, is a non-feasance which does not make him a trespasser *ab initio.*

Trespass, for taking and carrying away the plaintiff's cow, on the 5th day of June, 1845. The action was commenced before a justice of the peace, and carried up by appeal.

It was admitted that the defendant found the plaintiff's cow in a close of his, adjoining the close of the plaintiff, damage feasant, on said 5th day of June, 1845, and drove her about two miles to the pound, in the town of Farmington, in which said close was situated, and caused her to be impounded by the pound keeper, in the pound in said Farmington. On the evening of the day on which the cow was impounded the defendant caused a notice to be delivered to the plaintiff by a third person, of which the following is a copy :

"Taken up in the pasture of Jeremiah Rand, and impounded in the common pound in Farmington, on this

5th day of June, A. D. 1845, one red cow, with some white on the tail; supposed to belong to Jonathan Young, of said Farmington.

| | | | | | |
|---|---|---|---|---|---|
| Damage estimated, | . | . | . | . | 50 cents. |
| Travel, one mile, | . | . | . | . | 6 " |
| Driving, | . | . | . | . | 4 " |
| Notice, | . | . | . | . | 29 " |

Rand knew the cow to belong to the plaintiff. The cow was detained in the pound about forty-seven hours, and then, by the direction of Rand, and without the consent of the plaintiff, was turned out into the road, by the pound keeper, and returned to the possession of the plaintiff.

Upon the foregoing facts a verdict was taken, by consent, for the plaintiff.

Judgment is to be rendered upon the verdict, or the same is to be set aside and a judgment entered for the defendant, according to the opinion of the court upon the facts.

*Kimball,* for the defendant. The beast was lawfully impounded. The statute prescribes no form of notice, nor does it make it necessary that it should have the signature of the party giving it. It is enough if it is in writing, and convey the information wanted, so that damages may be adjusted. 15 Johns. 220; *Corey* v. *Little,* 6 N. H. Rep. 213.

Even if no notice is given, trespass will not lie. Want of notice is only nonfeasance, and detention of the chattel will not relate back and make the original taking tortious. 10 John. 254–370.

*Eastman,* and *Hobbs,* for the plaintiff. The notice, not being signed by the defendant, was insufficient. It furnished no evidence that the defendant intended to avail himself of the statute. He has not in effect given any

notice. *Blake* v. *Johnson*, 1 N. H. Rep. 91; id. 38; 2 N. H. Rep. 152; 9 N. H. Rep. 289; 4 Pick. 259; *State* v. *Moon*, 12 N. H. Rep. 42.

The defendant abused his authority, and so was a trespasser *ab initio*. It was such abuse to keep the beast forty-seven hours without proper notice, and then turn her loose.

GILCHRIST, J. Any person may impound beasts found in his enclosure damage feasant; so that no question can be made concerning the right of the original defendant to drive away, and impound in the proper pound, the plaintiff's beast, which is the subject of the controversy.

But it is said that the defendant omitted to give the notice required by the statute, and that he must therefore be deemed a trespasser *ab initio*. The notice is said to be defective in not containing a sufficient description of the close, and in not having been signed by the party who caused it to be given.

We think, however, that it is unnecessary to make any question as to the sufficiency of the notice, since the omission to give any notice whatever would have been a mere *non feasance*, and would not have had the effect of making the defendant a trespasser *ab initio*. This was so adjudged in *Kimball* v. *Adams*, 3 N. H. Rep. 182.

It is not a case of the abuse of a distress, and of excess in the use of a license, or authority in law, but a mere omission of an act not required as preliminary to the taking and impounding, and only required to be performed by the party at a subsequent stage of the proceeding. For his omission to perform this act the action of trespass for the original taking is not the appropriate remedy.

The verdict, which was for the original plaintiff in the case, must therefore be set aside, and there must be

*Judgment for the defendant.*